Hindy TAUB, individually and on behalf of all others similarly situated, Plaintiff,

v.

BIG M, INC., d/b/a Annie Sez, Defendant.

No. 09 Civ. 10592(LTS).

United States District Court, S.D. New York.

June 23, 2010.

Brian Lewis Bromberg, Bromberg Law Office, P.C., Harley Jay Schnall, Law Office of Harley J. Schnall, New York, NY, for Plaintiff.

William J. Pinilis, Jeffrey S. Mandel, Pinilis Halpern, LLP, Morristown, NJ, Martin William Scherer, Siller Wilk LLP, New York, NY, for Defendant.

### MEMORANDUM ORDER

LAURA TAYLOR SWAIN, District Judge.

Plaintiff Hindy Taub ("Plaintiff") brings a claim against Defendant Big M, Inc. ("Defendant"), alleging that Defendant failed to make certain disclosures required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and its implementing regulation, 12 C.F.R. § 226 ("Regulation Z"). This court has jurisdiction of Plaintiff's claim under 28 U.S.C. §§ 1331 and 1337(a) and 15 U.S.C. § 1640(e). Defendant moves to dismiss this action pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the following reasons, the motion is denied.

### DISCUSSION

In adjudicating a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the

factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.[1]  *See Roth v. Jennings,* 489 F.3d 499, 501 (2d Cir.2007).  Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  This standard applies to all civil actions.  *Iqbal,* 129 S.Ct. at 1953.

■  Plaintiff was issued a credit account by Defendant in March 2009. (Compl. ¶ 10.)  In connection with the creation of that account, Defendant provided Plaintiff a document entitled "Annie Sez Retail Installment Credit Agreement" containing a "Billing Rights Summary" relating to disputes of credit card charges.  (*Id.* ¶ 11; *id.,* Ex. A.) Plaintiff alleges that the disclosures in the "Billing Rights Summary" were insufficient to satisfy the TILA and Regulation Z disclosure requirements pertaining to billing errors.  (*Id.* ¶¶ 30–38.)  Specifically, Plaintiff asserts that Defendant's disclosures were not sufficiently similar to the Federal Reserve Board's ("FRB") Model Form G–3(A),[2] as required by 15 U.S.C. § 1637(a)(7) and 12 C.F.R. § 226.6(b)(5)(iii),[3] because they lack a number of the items contained in the model form.  (Compl. ¶¶ 34–36.)  The Complaint and the document appended thereto indicate that Defendant's disclosures did not cover the following TILA and Regulation Z issues:  (1) Defendant's obligation to acknowledge receipt of a billing inquiry within 30 days, (2) Defendant's obligation to respond to the inquiry within 90 days, and (3) the two limitations on the consumer's right not to pay an amount due on property or services as to which the consumer is dissatisfied, namely that such purchase must have (1) been in the consumer's home state or within 100 miles of her mailing address, and (2) had a price of more than $50.

Defendant argues that the Complaint nonetheless fails to state a claim because Defendant extended credit to Plaintiff (and other class members) on "terms that are more expansive than those required by TILA" and that its "customers therefore enjoy more rights than [Defendant] is required to afford under TILA." (Def.'s Br. at 6.) This, Defendant contends, renders lawful its omission of disclosures otherwise required by TILA and Regulation Z because "[t]he agreement is more beneficial to the customer because it omits exclusions permitted by TILA, and therefore places greater burdens on [Defendant]." (Def.'s Br. at 9.) Aside from Defendant's factual assertions, contained in its motion papers, that it offered Plaintiff terms more generous than those required by TILA, there is

---

1.  The Court may also consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit.  *See Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir.2000).

2.  The Complaint cites, and includes as an exhibit, Model Form G–3. However, as of January 29, 2009, that form pertains only to "Home–Equity Plans," whereas Model Form G–3(A) pertains to "Plans Other Than Home–Equity Plans."  *See* 12 C.F.R. 226 app. G

(2010).  Both forms require all of the disclosures alleged in the Complaint to have been wrongly omitted by Defendant, and their differences are therefore immaterial to the instant motion practice.

3.  The parties cite subsection 226.6(d) of Regulation Z. The January 29, 2009, revisions to Section 226.6 moved, without substantive change, several subsections, including subsection (d).  *See* 74 Fed.Reg. 5244–01 (Jan. 29, 2009).

no indication in the pleadings or documents attached thereto that the parties' credit agreement contains such terms. Indeed, the installment credit agreement attached to the complaint is silent on the subject of billing errors and disputes, other than the challenged disclosures contained at the bottom, and no other agreement is attached to or reference in the Complaint. The allegations regarding the terms of the parties' agreement contained in Defendant's brief do not form a proper basis for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Friedl v. City of New York,* 210 F.3d 79, 83–84 (2d Cir.2000) ("a district court errs when it … relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss" (internal quotation marks, alteration, and citations omitted)).

■ Nor are Defendant's proffers availing as a matter of law. The disclosures mandated by 15 U.S.C. § 1637(a)(7) and 12 C.F.R. § 226.6(b)(5)(iii) pertain to a consumer's rights and obligations under TILA, and are thus necessary regardless of the consumer's rights and obligations under her agreement with the creditor. 15 U.S.C. § 1666(a) sets for the procedure by which an obligor may challenge a charge and imposes on the creditor obligations to investigate and respond to such a challenge. 15 U.S.C. §§ 1666(c)-(e) and 1666a limit a creditor's ability to take certain actions after receiving a notice conforming with the procedures provided in Section 1666(a), and 15 U.S.C. § 1666i subjects a creditor to most claims and all defenses, with two important limitations, that an obligor has against a merchant with whom she has a dispute relating to a transaction involving the credit card. 15 U.S.C. § 1637(a)(7) requires the creditor to issue a statement "in a form prescribed by regulations of the [FRB] of the protection provided by sections 1666 and 1666i of

this title to an obligor and the creditor's responsibilities under sections 1666a and 1666i of this title." 15 U.S.C.A. § 1637(a)(7) (West 2009). The FRB has, in turn, prescribed regulations mandating that the creditor provide the obligor "[a] statement that outlines the consumer's rights and the creditor's responsibilities under §§ 226.12(c) and 226.13 and that is substantially similar to the statement found in Model Form G–3(A) in appendix G to this part." 12 C.F.R. § 226.6(b)(5)(iii) (2010). 12 C.F.R. §§ 226.12(c) and 226.13 reflect the provisions of 15 U.S.C. §§ 1666, 1666a, and 1666i, and Model Form G–3(A) essentially outlines those provisions. Therefore, TILA and Regulation Z provide a consumer certain rights to make billing inquiries and challenge charges, and 15 U.S.C. § 1637(a)(7) requires the creditor to disclose to the obligor, in a form substantially similar to the FRB's model form, those rights and the limitations thereon. A consumer's rights pursuant to TILA to inquire about and challenge charges, and to receive disclosures of such rights, are independent of any additional rights the consumer may have pursuant to her agreement with the creditor. TILA not only requires that creditors facilitate, investigate, and respond to customer inquiries about and challenges to charges, but it also requires creditors to inform their customers of these requirements and provides a right of action for failing to make such a disclosure.

Accordingly, Plaintiff's complaint is sufficient to state a cause of action for violation of TILA and Regulation Z. Defendant's motion to dismiss the Complaint is denied. This Memorandum Order resolves docket entry no. 10.

SO ORDERED.